**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY W. HOOPER,

     Plaintiff - Appellant,

v.

MONTGOMERY KONE, INC.,

     Defendant - Appellee.

No. 01-6449
(D.C. No. 00-CV-208-T)
(W.D. Oklahoma)

### ORDER AND JUDGMENT [*]

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Appellant Gary Hooper sued his former employer, Montgomery Kone, Inc.

(Montgomery), under the Age Discrimination in Employment Act (ADEA),

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

29 U.S.C. §§ 621-634. Montgomery moved for summary judgment, which the district court granted, and Mr. Hooper now appeals. We review the district court's decision to grant summary judgment de novo. *Tool Box v. Ogden City Corp.*, 316 F.3d 1167, 1173 (10th Cir. 2003). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

Mr. Hooper worked for Montgomery for many years as the local resident mechanic for the northern area of Oklahoma. In this capacity he maintained and serviced elevators for various clients in the area. In 1998, Montgomery decided to make a number of drastic changes to Mr. Hooper's service route, including eliminating certain responsibilities, reducing Mr. Hooper's hours, and taking away his company vehicle. After these changes were announced, there was some discussion back and forth regarding whether Mr. Hooper–who was nearing sixty–might retire. Mr. Hooper ultimately announced his retirement in June of 1999, and sued Montgomery for age discrimination, claiming that Montgomery in essence forced him to retire by severely degrading his work conditions and threatening him with termination.

ADEA claims based on indirect proof of discrimination are analyzed under the burden-shifting analysis developed in the Title VII context. *See Ellis v.*

*United Airlines, Inc.*, 73 F.3d 999, 1004 (10th Cir. 1996).  To establish a prima facie case, a plaintiff must show (1) he was within the protected age group; (2) his work was satisfactory; (3) he was discharged despite the adequacy of his work; and (4) he was replaced by a younger person.  *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir. 1988).  Even where, as here, the plaintiff resigned rather than being fired, he may demonstrate a prima facie case of discrimination if he can show that he was constructively discharged in that the defendant exposed him to intolerable working conditions.  *See Lighton v. Univ. of Utah*, 209 F.3d 1213, 1222 (10th Cir. 2000) (to establish constructive discharge, plaintiff must show that defendant subjected him to working conditions so intolerable that a reasonable person in his position would have felt compelled to resign).

Once the plaintiff has established a prima facie case, the defendant may rebut the presumption of discrimination by offering a legitimate, non-discriminatory reason for the challenged action.  *Hardy*, 185 F.3d at 1079.  If the defendant succeeds in doing so, the presumption of discrimination disappears, and the burden is again placed on the plaintiff to show that the reason offered by the defendant is merely a pretext for discrimination.  *Id.* at 1079-80.  Pretext may be shown through such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's reasons that a reasonable fact-finder could find them unworthy of credence.  *Id.* at 1080.

After carefully reviewing the district court's order, the record on appeal, and the parties' arguments, we conclude that, assuming that Mr. Hooper has established a prima facie case of discrimination, Montgomery also succeeded in offering a legitimate, non-discriminatory reason for the changes in the northern route (i.e., to conserve costs). Further, Mr. Hooper failed to demonstrate that Montgomery's stated reasons were merely pretextual, as discussed in the analysis by the district court. Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge